

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN MARIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 3050 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| CATHY C. ANDERSON, AMY W. MYSEL, ) | |
| and TRUE VALUE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven Maril originally filed his complaint in Illinois state court, alleging, among other things, breach of contract, tortious interference with contract, and promissory estoppel. After some of his claims were dismissed, Maril filed an amended complaint that contained these state law theories as well as two counts under § 105(a) of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2615(a) (FMLA). All of his claims relate to the termination of his employment by Defendant True Value Company after he filed an internal complaint regarding Defendants Anderson and Mysel. Invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331, Defendants removed the case here following the addition of Maril's federal claims. Defendants now move to dismiss all of his claims. For the reasons set forth below, the Court dismisses Maril's FMLA claims. The Court declines to exercise supplemental jurisdiction over the remaining state court claims, and thus declines to express any opinion on the motion as it applies to those claims. Therefore, the Court remands the case to state court.

## BACKGROUND

Maril's complaint alleges the following relevant facts. True Value hired Maril as an Assistant General Counsel in November 2000. (Compl. ¶ 4.) At that time, Maril informed the company's General Counsel and Senior Vice President of Human Resources, Rob Ostrov, that he had Multiple Sclerosis (MS) and that, as a result, he would have to work from home at times depending on the severity of his illness and/or the travel required for his job. (Compl. ¶ 7.) True Value had no objection to Maril working from home until approximately April 2006, when the worsening state of his MS caused him to increase the hours he worked from home. (Compl. ¶ 8.)

At that time, Maril informed Defendant Anderson, who had become True Value's Secretary, Senior Vice President, and General Counsel, that he would be unable to work from the office for the some period of time. (Compl. ¶¶ 3, 9.) He also stated that he was willing to take unpaid leave pursuant to the FMLA if Defendants so desired. (Compl. ¶ 10.) Anderson declined the offer, stating that it was unnecessary for Maril to take unpaid leave. (Compl. ¶ 10.)

In September 2006, after Maril cancelled a business trip and worked from home due to the extreme fatigue caused by his MS, Anderson confronted him, telling him he needed to "get on a schedule." (Compl. ¶¶ 11-12.) Maril once again offered to take unpaid FMLA leave if the company could not accommodate his needs, and stated that he would return to a normal schedule after completing the work that required extensive traveling. (Compl. ¶¶ 13-14.) Once again, Anderson declined, stating that Mr. Maril did not need to take FMLA leave.

In the fall of 2006, Maril made an internal ethics complaint under True Value's "Code of Conduct and Business Ethics" against Defendants Mysel and Anderson. (Compl. ¶ 21.) He claimed, among other things, that they were discriminating against him because of his MS and the medical accommodations and/or leave he required as a result. (Compl. ¶ 22.) On April 27,

2

2007, after an investigation into the complaint that Maril contends was biased, Anderson fired Maril, purportedly because he made false allegations in his complaint. (Compl. ¶ 33.) Maril now claims that, in firing him, True Value retaliated and discriminated against him, and interfered with his exercise of FMLA rights, in violation of the anti-interference and anti-discrimination provisions of the FMLA, 29 U.S.C. § 2615(a).

## *DISCUSSION*

### I. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

### II. FMLA Claims

The Court first addresses the claims brought pursuant to the FMLA because it is on the basis of these claims that this Court has jurisdiction over this suit.[1] In Counts V and VI of his

---

[1] The parties debate at length whether the FMLA claims are time-barred. Maril argues that they are not because: (1) they are subject to an extended statute of limitations due to allegations of willful conduct; and (2) they relate back to the original claims. Defendants argue that Maril has not adequately alleged willful conduct and that no relation-back doctrine applies. Given the liberal pleading standards of this court, the Court is hesitant to apply a statute of limitations for a failure to allege willful conduct. However, the Court need not decide this issue here because the Court dismisses the FMLA claims on substantive grounds instead.

3

complaint, Maril raises claims under § 105(a) of the FMLA, 29 U.S.C. § 2615(a). That section makes it unlawful for an employer to interfere with an employee's rights under the FMLA. *Id.* Thus, in order for an employer to violate the section, the employee must either "exercise or attempt to exercise" a right under the FMLA or "oppos[e] a practice made unlawful" by the FMLA. *Id.* Maril has not alleged that he did either in this case and he has therefore failed to state a claim under federal law.

Maril alleges that he offered on two separate occasions to take FMLA leave if True Value could not accommodate his medical needs. On both occasions, his boss, Anderson, stated that he did not have to take FMLA leave, and continued to provide accommodations. Maril has not only failed to allege that he made a request for leave on either occasion, but he pleads himself out of court by alleging that his employer stated that it could accommodate his needs. Maril also fails to allege that he exercised any right under the FMLA or opposed any unlawful practice in his internal ethics complaint. His allegation regarding the contents of the complaint is broad and vague. Even under the liberal pleading standards of federal court, the allegation fails to make his claim plausible. Moreover, if his allegation is that he opposed an unlawful practice in his internal ethics complaint, his civil complaint is conspicuously lacking any allegations regarding that underlying unlawful practice.

Maril makes two arguments in an attempt to salvage his claims. First, he argues that the FMLA does not actually require employees to request leave from their employers. For support of this proposition, he cites *Byrne v. Avon Products, Inc.*, 328 F.3d 379, 382 (7th Cir. 2003). Contrary to Maril's contentions, however, the holding in *Byrne* actually undermines Maril's position. In *Byrne*, the court allowed for the possibility that an employee might put an employer on notice of his need for FMLA leave through his behavior, rather than his words, or that he

might be excused from providing notice due to the fact that his need for leave is not foreseeable. *Id.* However, in so doing, the court recognized that, generally, the FMLA requires an employee to give his employer explicit notice of any foreseeable need for leave. *Id.* (citing 29 U.S.C. § 2612(e)). The court allowed for the possibility that the employee in *Byrne* might be an exception because he may have been so affected by his mental and emotional conditions that he was unable to express or foresee a need for leave. *Id.* Maril, on the other hand, was clearly capable of discussing his medical needs with his employer.

Next, Maril argues that it was precisely because his need for leave was foreseeable that True Value fired him. He argues that because MS is a progressive, degenerative condition, his employer was aware of the fact that he would likely need FMLA leave in the future. Thus, according to Maril, True Value fired him preemptively. While this is a novel theory, it does not find support in the FMLA. Regardless of True Value's expectations about Maril's future needs, Maril is not relieved from the requirement that he either exercise or attempt to exercise a right under the FMLA or that he oppose practice made unlawful under the FMLA.

## *CONCLUSION*

For the above reasons, the Court GRANTS Defendants' motion to dismiss the FMLA claims, and REMANDS the remaining claims to state court.

IT IS SO ORDERED.

12/8/09
Dated

Hon. William J. Hibbler
United States District Court