**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN MARIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2009 C 3050 |
| v. | ) | 2009 C 6161 Consolidated |
| | ) | |
| CATHY C. ANDERSON, AMY W. MYSEL, | ) | Judge Feinerman |
| and TRUE VALUE COMPANY, | ) | Magistrate Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL THE ATTENDANCE OF PLAINTIFF,
STEVEN MARIL, FOR FAIR EXAMINATION AT HIS DEPOSITION**

Defendants, Cathy C. Anderson, Amy W. Mysel and True Value Company ("Defendants") for their motion to Compel the Attendance of Plaintiff, Steven Maril for Fair Examination at his Deposition hereby state as follows:

1.      Plaintiff filed suit in Cook County Circuit Court on April 23, 2008.

2.      Plaintiff filed an Amended Complaint in State Court on May 6, 2009 adding a Family Medical Leave Act claim.

3.      Defendants removed the State Court Complaint to Federal Court on May 20, 2009.

4.      Defendants filed their Motion to Dismiss the Complaint on June 12, 2009.

5.      Plaintiff filed a new Federal Complaint on October 2, 2009 which contained an Americans With Disabilities claim based on Plaintiff's EEOC Charge.

6.      On December 8, 2009 the Court ruled on Defendants' Motion to Dismiss and granted the dismissal of the FMLA charges, but did not exercise supplemental jurisdiction over the remaining state law claims.

7.     In order that all matters could be heard in the same forum and for an economy of resources purpose, Defendants moved to consolidate both cases on December 18, 2009. The Court granted the Motion to Consolidate on January 14, 2010.

8.     On May 25, 2010, Defendants noticed Plaintiff, Steven Maril's Deposition for June  21, 2010. A copy of the notice of deposition is attached as Exhibit A. Plaintiff was unable to attend the deposition on that date. The first date that Plaintiff was available for his deposition was November 30, 2010.

9.     On November 30, 2010, Plaintiff, Steven Maril, appeared for his deposition. Plaintiff requested that he be given hourly breaks during his deposition, to which Defendants agreed. Plaintiff's deposition proceeded on November 30, 2010 from 9:15 a.m. to 4:30 p/m. with hourly breaks. Less than 7 hours of deposition were taken.

10.    On December 4, 2010, Defendants requested that Plaintiff resume his deposition on December 18, 2010. See E-mail of December 4, 2010 attached hereto as Exhibit B.

11.    On December 7. 2010, Plaintiff's counsel informed Defendants' counsel that Plaintiff wanted Defendants' counsel to set forth something in writing explaining why Defendants needed him to return for his deposition.

12.    On December 8, 2010, Defendants' counsel sent a single-spaced, two-page e-mail setting forth the reasons why Defendants' counsel needed Plaintiff to return. A copy of the email is attached as Exhibit C, and the reasons set forth in the e-mail are incorporated by reference herein.

13.    In addition to the reasons set forth in the December 8, 2010 e-mail, Defendants note that there are additional reasons to continue Mr. Maril's deposition.  During his  deposition, Plaintiff referenced documents that Plaintiff had not produced to Defendants in Discovery. These

documents bear on the diligence with which Plaintiff sought to obtain comparable employment, which is directly relevant to Defendants' affirmative defense that Plaintiff failed to mitigate his damages. Defendants cannot complete a fair examination of Plaintiff without the benefit of these documents. The documents which Plaintiff testified about but stated he had not produced to Defendants include, but are not limited to:

    a.    The book "How to get A Job in Chicago," which Plaintiff testified he used to obtain comparable employment;

    b.    A copy of the generic cover letter Plaintiff mailed along with his resume to the corporate law departments he selected from the 2009 Sullivan's'

    c.    Computerized records of Plaintiff's job searches including all e-mails and correspondence;

    d.    Documents relating to referrals Plaintiff was allegedly given by Brian Arbetter and Mark Weber as part of his job search;

    e.    Documents relating to a referral from Les Harper to Plaintiff for a job in Atlanta;

    f.    Documents regarding Plaintiff's alleged application to Walgreen's;

    g.    The 2009 Sullivan's Plaintiff allegedly used to send resumes to corporate law departments.

14.    Plaintiff's counsel responded to Defendants' request by accusing Defense counsel of avoiding the issue of the length of time that Defendants wanted Plaintiff to return.

15.    On December 13, 2010, Defendants responded by email, noting that had Defendants not consolidated the cases they would have had 10 hours by right to depose Plaintiff on his allegations – 7 hours in the federal court and 3 hours in the state court. Defendants njoted that they were asking for four more additional hours to conduct a fair examination of the Plaintiff, depending on the answers that Mr. Maril gives. See December 13, 2010 e-mail a copy of which is attached as Exhibit D and incorporated by reference.

16.     Defendants further note that there are multiple Defendants in this case and that they should be allowed more than 7 hours to fairly examine the Plaintiff.

17.     Plaintiff's counsel responded notifying Defendants' counsel that they refuse to produce Plaintiff for any further deposition.

18.     Defendants respectfully request that pursuant to Fed. R. Civ. P. 26(b)(2), and Fed. R. Civ. P. 30(d) that the Court grant Defendants an additional day to conduct a fair examination of the Plaintiff.

WHEREFORE, Defendants respectfully request the Court issue an order granting its Motion to Compel the Fair Examination of Plaintiff, Steven Maril, and grant them leave to further depose Plaintiff for an additional day of deposition testimony.

Dated: December 23, 2010

Respectfully submitted,

CATHY C. ANDERSON, AMY W. MYSEL AND TRUE VALUE COMPANY

By:
_____s:/Thomas S. Bradley_____
                     One of their Attorneys

Thomas Bradley (06199054)
Jennifer A. Naber (06197465)
Joseph H. Yastrow (03122178)
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas S. Bradley certify that on December 23, 2010, I caused **Defendants' Motion to Compel the Attendance of Plaintiff, Steven Maril for Fair Examination at his Deposition** in the above-captioned matter to be served on the party of record listed below via operation of this Court's Electronic Filing system to:

> David L. Lee
> Law Offices of David L. Lee
> 53 W. Jackson Blvd., Suite 660
> Chicago, IL  60604-3453

S:/Thomas S. Bradley
Thomas S. Bradley