# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Steven Maril,<br><br>    Plaintiff,<br><br>- v -<br><br>True Value Company, a Delaware corporation,<br>Cathy C. Anderson, and Amy W. Mysel,<br><br>    Defendants. | **09C3050**<br>**09C6161**<br>consolidated<br>Judge Hibbler<br>Magistrate Judge Mason |

### NOTICE OF DEPOSITION

**TO:** David L. Lee
Law Offices of David L. Lee
53 W. Jackson Blvd., Suite 505
Chicago, IL  60604-3453

PLEASE TAKE NOTICE that on **Monday, June 21, 2010**, we shall take the deposition

of Jeff Adams, at the law offices of Laner Muchin Dombrow Becker Levin and Tominberg, Ltd.,

Steven Maril 515 N. State Street, Suite 2800, Chicago, IL  60654, commencing at 9:00 a.m. and

continuing thereafter until completed. This deposition will be recorded by a duly qualified notary

public or other officer authorized by law to administer oaths You are also required to provide at the

time of your deposition any and all documents that have not been previously provided that relate

to, support or refute any of the claims, matters or issues in this case, and all documents, items

and tangible things viewed by or read to Mr. Maril in preparation for the deposition.

Dated: May 21, 2010

Respectfully submitted,

_____

Thomas S. Bradley, One of the Attorneys for
Defendants

Thomas S. Bradley (06199054)
Laner, Muchin, Dombrow, Becker,
   Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
tbradley@lanermuchin.com

## CERTIFICATE OF SERVICE

I certify that on May 25, 2010, I caused the above Notice of Deposition in the above-

captioned matter to be served on the party of record listed below by depositing in the U.S. mail

located at 515 N. State Street, Chicago, IL 60654, proper postage pre-paid before 5:00 p.m. to:

David L. Lee
Law Offices of David L. Lee
53 W. Jackson Blvd., Suite 505
Chicago, IL 60604-3453

_____

Thomas S. Bradley

# EXHIBIT B

**Bradley, Tom**

| | |
|---|---|
| **From:** | Bradley, Tom |
| **Sent:** | Saturday, December 04, 2010 10:03 AM |
| **To:** | 'd-lee@davidleelaw.com'; 'jcweiss@weisslaw.us' |
| **Subject:** | Maril |

We would like to continue (and hopefully finish) Mr. Maril's deposition on December 16, 2010 beginning at 9. Also, we have available deposition dates for Ms. Mysel, Ms. Anderson, and Mr. Heidelman in January. Please call me to arrange these dates. We are also arranging deposition dates with Mr. Maril's treating physicians and will notify you when those dates are provided.

This transmission may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED.

If you received this transmission in error, please contact the sender and delete the material from any computer immediately. Thank you.

Thomas Bradley
Laner Muchin Dombrow Becker Levin Tominberg, Ltd.
515 N. State St.
Suite 2800
Chicago, IL 60610
Tel: (312)467-9800
Fax: (312)467-9479
E-mail: tbradley@lanermuchin.com

# EXHIBIT C

**Bradley, Tom**

---

| | |
|---|---|
| **From:** | Bradley, Tom |
| **Sent:** | Wednesday, December 08, 2010 6:09 PM |
| **To:** | 'd-lee@davidleelaw.com' |
| **Subject:** | Continued Maril Dep |

David -- A few days ago I sent you an e-mail notifying you that we would like to continue Mr. Maril's deposition on December 16. You informed me at court yesterday that you wanted me to send you something in writing explaining why we needed to continue the examination, and said that you expected to oppose our request.

First, let me remind you what the Federal Rules provide about taking depositions beyond the 7-hour limit. Fed. R. Civ. P. 30(d) says "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the witness or if . . . any other circumstance impedes or delays the examination." Rule 26(b)(2) says "By order, the court may alter the limits in these rules on the . . . length of depositions under Rule 30." Read together, these rules make clear that the court may alter the 7-hour limit, and must do so if it is necessary to fairly examine the witness or circumstances impede or delay that examination.

Although you were not at the deposition, had you been there you would have seen that we need to continue to deposition to fairly examine the witness. Everything that Mr. Maril testified about related directly to the substantive allegations of his complaint or Defendants' affirmative defenses. In sum, the deposition consisted of the following topics:

- Introductory instructions to Mr. Maril about the deposition (pp: 1-6);
- Mr. Maril's testimony about the steps that he took to prepare for the deposition (pp: 6-8);
- Mr. Maril's testimony about the steps that he took to seek employment after his employment at True Value ended (pp: 8-48);
- Mr. Maril's testimony about his duties at True Value (pp: 48-50);
- Mr. Maril's testimony about the ethics policy, which is alleged in Mr. Maril's complaint (pp: 50-77);
- Mr. Maril's testimony about the history of medical treatment, which directly concerns the medical condition that he has alleged in his ADA complaint -- including testimony about treatment he received from a doctor who had never previously been disclosed by Mr. Maril, and testimony by Mr. Maril about whether he was able to work after his employment with True Value ended (77-147);
- Mr. Maril's testimony about the allegations he made in paragraph 7 of the Federal Court complaint (pp: 147-169);
- Mr. Maril's testimony about the allegations in paragraph 8 of the Federal Court Complaint (pp: 169 - 180);
- Mr. Maril's brief testimony about his EEOC charge (pp: 180-182);

- Mr. Maril's testimony about the April 2006 conversation with Anderson alleged in the Federal Court complaint (pp: 182-194)
- Mr. Maril's testimony about the October 2006 conversation alleged in the Federal Court complaint (pp: 194-211)
- Mr. Maril's testimony about his "ethics complaint," including the multiple emails that led up to and contained that "complaint," and the events alluded to the emails (211-278).

Without waiving my privilege under Rule 26(b)(3) regarding the materials I have prepared for the deposition, I can tell you that, generally, we have not finished the remaining allegations contained in Mr. Maril's Federal Court complaint. Further, although there is factual overlap between the Federal Court complaint and the complaint containing the State Court allegations, we need to complete Mr. Maril's testimony about the State Court allegations, too. In addition, there is information that Defendants need concerning their defenses, both affirmative and otherwise, in this case, and documents that Defendants need to show Mr. Maril. Thus, to fairly examine Mr. Maril, Defendants need him to return to continue his deposition.

At Mr. Maril's request at the beginning of the deposition. Defendants took breaks on an almost hourly basis. Further, at one point when Mr. Maril became emotional over testimony, we stopped questioning and took a break. I did not stop for lunch, again at Mr. Maril's request. We have been accommodating to Mr. Maril and his stated needs. Although we did not have a stopwatch on the deposition time, I think that it is fair to say that we spent less than 7 hours in actual questions to and answers from Mr. Maril.

The advisory notes to Rule 30(d) concerning extending the time for depositions state: "It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court." We are asking you to accommodate Defendants so that they may fairly examine Mr. Maril. Further, please be reminded that Rule 30(d)(2) expressly provides that anyone who impedes, frustrates or delays the fair examination of a witness may be sanctioned "including reasonable expenses and attorney's fees."

We look forward to your prompt response. Thanks. -- Tom

This transmission may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED.

If you received this transmission in error, please contact the sender and delete the material from any computer immediately. Thank you.

Thomas Bradley
Laner Muchin Dombrow Becker Levin Tominberg, Ltd.
515 N. State St.
Suite 2800
Chicago, IL 60610
Tel: (312)467-9800

Fax: (312)467-9479
E-mail: tbradley@lanermuchin.com

3

# EXHIBIT D

**Bradley, Tom**

---

**From:** Bradley, Tom
**Sent:** Monday, December 13, 2010 9:13 AM
**To:** 'David Lee'
**Subject:** RE: Continued Maril Dep

David -- We want Maril for another day. I have not avoided that issue. I asked you to bring him back on the 18th. You said you would likely oppose my request.

Had we not consolidated these cases we would have been entitled to 10 hours of deposition with Mr. Maril -- 7 in the Federal court and 3 in the state court -- without requesting additional time. We spent fewer than 7 hours in the first dep session. Thus, by my estimate, we would have approximately 4 hours left by right had we not consolidated. An additional 3 hours (for a another full day in total) would be necessary to conduct a fair examination of the witness, depending on the answers that Mr. Maril gives.

As for the documents, I have offered them to you to review for many months. If you have not reviewed them it is your choice to do so. You cannot claim surprise.

We bear the burden on mitigation and, respectfully, we obtained a lot of information relevant to mitigation at the deposition that was not disclosed in Mr. Maril's interrogatory answers. We also learned about a treating physician who was not disclosed previously by Mr. Maril, which is relevant to his claim that he is a qualified individual with a disability.

Please let me know your decision this morning. Thank you. -- Tom Bradley

---

This transmission may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED.

If you received this transmission in error, please contact the sender and delete the material from any computer immediately. Thank you.

Thomas Bradley
Laner Muchin Dombrow Becker Levin Tominberg, Ltd.
515 N. State St.
Suite 2800
Chicago, IL 60610
Tel: (312)467-9800
Fax: (312)467-9479
E-mail: tbradley@lanermuchin.com