*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

| | |
|---|---|
| Steven Maril, <br><br> plaintiff, <br><br> —v— <br><br> True Value Company, a Delaware corporation, Cathy C. Anderson, and Amy W. Mysel, <br><br> defendants. | **2009 C 3050** <br> **2009 C 6161** <br> consolidated <br><br> Judge Feinerman <br> Magistrate Judge Mason <br><br> **Jury trial demanded** |

## Motion to Compel Privilege and Trial-Preparation Materials Log

Pursuant to Federal Rule of Civil Procedure 26(b)(5), plaintiff Steven Maril moves as follows to compel defendants to produce a privilege and trial-preparation materials log:

1.  Before bringing this Motion, plaintiff's counsel made sincere attempts, both by correspondence and by telephone, to resolve the issue of defendants' failure to produce a privilege and trial-preparation materials log. See, Declaration of David L. Lee and e-mail correspondence between D. Lee and T. Bradley, attached to this Motion as Exhibits A and B, respectively.

2.  This case concerns alleged discrimination and/or retaliation for defendant True Value's allegedly having fired Mr. Maril on the basis of his Multiple Sclerosis and/or on the basis of his having requested reasonable accommodations for his Multiple Sclerosis; this case also concerns alleged breach of contract against defendant True Value for allegedly having fired Mr. Maril in breach of the anti-retaliation provision in its Code of Ethics, alleged promissory estoppel against defendant True Value, and alleged interference with contract against the individual defendants.

3. The state-law claims were originally filed in state court and removed by defendants to federal court. By stipulation and court Order, the written discovery propounded in the state-court case before removal is treated as propounded and responded to in these consolidated federal cases. See, Order of 2/23/2010 (doc. #32 in case #3050).

4. Mr. Maril served two Requests to Inspect Premises and Documents: one in state court before removal and one in federal court after removal, and defendants served written responses to both Requests. See, defendant's Response to first Request to Inspect and defendant's Response to second Request to Inspect, attached to this Motion as Exhibits C and D, respectively.

5. Defendants' responses to the two Requests to Inspect repeatedly invoked attorney-client privilege and the work-product doctrine, as follows:

    a. Defendants' Response to the first Request to Inspect invoked attorney-client privilege and the work-product doctrine as a "general objection" (see, Exhibit C at p. 1 "General Objections") and specifically invoked attorney-client privilege and the work-product doctrine in response to Requests for:

- "Any e-mail from September 1, 2006, through May 31, 2007, that references Mr. Maril (by name or otherwise)." See, id. at ¶3 Response;

- "All documents reflecting or regarding internal communications (including interoffice memos, memos to file,

        e-mails, etc.) concerning the termination of Mr. Maril's employment." See, id. at ¶4 Response;

- "The complete and entire file (no matter what called) concerning Mr. Maril internal ethics complaint and the investigation of that complaint." See, id. at ¶8 Response;

- "All documents subpoenaed in this case or otherwise obtained in this case from non-parties." See, id. at ¶16 Response; and

- "All witness statements concerning matters at issue in this case." See, id. at ¶18 Response.

   b.   Defendants' Response to the second Request to Inspect specifically invoked attorney-client privilege and/or the work-product doctrine in response to Requests for:

- "All e-mails between defendant Anderson and Mr. Maril from 1/1/06 through 4/30/07." See, Exhibit D at ¶6 Response;

- "All documents (including, but not limited to, e-mails) to or from defendant Mysel, defendant Anderson, Lyle Heidemann and Edward C. Jepson, Jr., regarding Mr. Maril's ethics complaint and/or any investigation of that complaint." See, id. at ¶10 Response;[1]

---

[1]    Lyle Heidemann signed, as defendant True Value's CEO, the Code of Ethics on which Mr. Maril is suing, and Edward C. Jepson, Jr., was the outside investigator of Mr. Maril's complaint under that Code of Ethics. See, First Amended Verified Complaint (doc. #1 in case #3050) at Exhibit A and at ¶27.

- "All documents (including, but not limited to, e-mails) conveying Mr. Maril's ethics complaint to any party, including, but not limited to, defendant True Value's Board of Directors or any member or committee thereof." See, id. at ¶11 Response; and

- "All bills, invoices, etc., from Vedder Price to defendant True Value from 4/1/04 through 3/31/10." See, id. at ¶14 Response.

6.     Federal Rule of Civil Procedure 26(b)(5)(A) states:

> "**(5) Claiming Privilege or Protecting Trial-Preparation Materials.**
>
>     (A)    Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
>         (I)    expressly make the claim; and
>
>         (ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

7.     By e-mails on August 27, October 7, October 13, October 15, and December 6, all in the year 2010, counsel for the plaintiff requested a privilege log from counsel for the defendant. See, Declaration of David L. Lee and e-mail correspondence between D. Lee and T. Bradley, attached to this Motion as Exhibits A and B, respectively.

8.     In a telephone conference on December 14, 2010, counsel for the defendant told counsel for the plaintiff that defendants would not produce a

-4-

privilege log.  See, Declaration of David L. Lee, attached to this Motion as Exhibit A.

***Wherefore***, plaintiff moves to compel defendant to produce within a reasonable time a privilege and trial-preparation materials log in compliance with Federal Rule of Civil Procedure 26(b)(5).

Steven Maril,<br>plaintiff,

By:     s/David L. Lee
David L. Lee

**Proof of service**:  David L. Lee, an attorney, certifies that service on defendants of this Motion was accomplished by ECF on December 29, 2010.

s/David L. Lee<br>David L. Lee

David L. Lee
ARDC #1604422
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Suite 505
Chicago, IL  60604-3437
d-lee@davidleelaw.com
312-347-4400