**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN MARIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2009 C 3050 |
| v. | ) | 2009 C 6161 Consolidated |
| | ) | |
| CATHY C. ANDERSON, AMY W. MYSEL, | ) | Judge Feinerman |
| and TRUE VALUE COMPANY, | ) | Magistrate Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO COMPEL PRIVILEGE
AND TRIAL PREPARATION LOG**

Plaintiff's motion to compel Defendants to produce a log of all of defense counsel's privileged correspondence with its clients, and the memos, drafts, notes and other work product that defense counsel has created in representing Defendants with regard to the dispute that Plaintiff has against them, should be denied.

Counsel for both parties appeared before Judge Feinerman on Tuesday, January 4, 2011 on this motion and on Defendants' motion seeking to compel Plaintiff to appear to complete his deposition. Defense counsel explained that the documents that have been withheld are privileged correspondence between defense counsel and its clients and defense counsel's work product created in this matter. Defense counsel stated that Defendants would, if required to, produce a log of these documents. The Court asked, instead, that Defendants send something in writing to Plaintiff's counsel describing the documents that were withheld. The Court further noted that if the parties could not work the matter out a response could be filed.

Defendants sent two written descriptions of the documents to Plaintiff's counsel. In the first description, Defendants described the documents as follows:

> The documents that have been withheld are the documents that Laner Muchin has sent to the Defendants and created in preparation for litigation of this matter.
>
> We have produced to Mr. Maril other documents that are protected by the attorney client privilege and the work product doctrine -- i.e., correspondence to and from Mr. Maril from his client, and work product that he created for his client. We take the position because he is the former attorney for True Value he has an obligation not to waive these privileges, nor does the production of the documents do so. If you disagree with our position please let me know.
>
> As I stated in court, after you filed your motion I received documents concerning certain billing records from True Value's outside counsel. I am currently reviewing these documents and will tell you shortly whether we will be producing these documents and, if so, whether we are going to assert the privilege over some or all of these documents

(January 7, 2011 E-mail, attached as exhibit 1)

Plaintiff's counsel asserted that this description was insufficient. Defense counsel provided the following response

> When we were before Judge Feinerman I told him that the documents that we have not produced are the correspondence that Laner Muchin has sent to or received from our clients with regard to Mr. Maril's matter, and the documents that we at Laner Muchin have created in providing legal advice in this matter -- notes, memos, drafts, etc.

(January 7, 2011 E-mail, attached as exhibit 2).

Fed. R. Civ. P. 26(b)(5) requires a party claiming privilege to describe the nature of the documents withheld *without revealing information itself privileged* so that the other party can assess the claim. Defendants have done so by categorical description of the documents, either as correspondence between Defendants and undersigned counsel concerning legal advice concerning Mr. Maril, or as documents that Defense counsel has prepared that is subject to the work-product doctrine, such as memos, notes, drafts, etc. Plaintiff has not explained what

2

additional information he needs in order to assess the claim of privilege, other than to stand on his demand that a log of all documents covered by this privilege be provided.

Defendants have agreed to provide such a log where the circumstances reasonably require that one be provided. For example, Defendants are currently reviewing certain records from True Value's outside counsel to determine whether these documents are responsive to discovery requests, or whether Defendants may use these documents in support of any of their defenses. Defendants have stated that if they determine that any of these documents are responsive they will produce a log for any portions withheld on account of privilege. Further, on Saturday, January 8, 2011, counsel for Plaintiff indicated that there were redactions in some of the thousands of pages of documents that Defendants have already produced. Defendants are preparing a log for these redactions, also.

Defendants have sufficiently identified the documents that have been withheld as being communications with their attorneys for the purpose of obtaining legal advice and documents containing their attorneys' thoughts, impressions and strategies, such as attorney notes, drafts and memos concerning either anticipated litigation or actual litigation that are protected by the attorney work product doctrine, and have therefore complied with their obligations under Fed. R. Civ. P. 26(b)(5). Defendants note that Plaintiff has not produced a log of correspondence with Plaintiff's counsel or a log of the work produce created by Plaintiff's counsel since Defendants removed case no 2009 C 3050 to Federal court, nor has Plaintiff produced any such log for the attorney-client correspondence or attorney work product for Case No. 2009 C 6161.[1]

---

[1] In April 2009, while this case was pending in State court, Plaintiff's counsel sent a letter to Joseph Yastrow, undersigned counsel's partner, identifying a handful of documents that Plaintiff claims are privileged. However, Defendants are unaware of any subsequent logging of privileged information by Plaintiff, and none during the pendency of these consolidated cases in Federal court.

Defendants believe that for Defendants to create a log of each such communication with their attorney and every piece of work product their attorneys have created would be an unnecessary expenditure of the parties' resources and, accordingly, should not be required by the Court. However, should the Court require Defendant to produce a log of all communications with counsel that have been withheld based on privilege and all documents that Defendants' counsel has prepared with regard to this matter, then Plaintiff should be required to do likewise, and a reasonable period of time should be afforded the parties to produce these logs.

Finally, with regard to Plaintiff's request that Defendants produce a log of all trial preparation materials, the Federal Rules provide that "ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives." Fed. R. Civ. P. 26(b)(3)(A). The Federal Rules further provide that such materials may be discovered if the requesting party shows that they are otherwise discoverable under Rule 26(b)(1), and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." (Fed. R. Civ. P. 26(b)(3)(A). Plaintiff has not made the showing of "substantial need" of the materials, nor has he shown undue hardship, as required by the Rule. Further, without waiving any objections, Defendants have not yet prepared materials that they intend to use at any trial of this matter.

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion to compel be denied.

Dated:  January 10 2011  Respectfully submitted,

CATHY C. ANDERSON, AMY W. MYSEL
AND TRUE VALUE COMPANY

By:
_____s:/Thomas S. Bradley_____
One of their Attorneys

Thomas Bradley (06199054)
Jennifer A. Naber (06197465)
Joseph H. Yastrow (03122178)
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

## **CERTIFICATE OF SERVICE**

I, Thomas S. Bradley certify that on January 10, 2011, I caused **Defendants' Response in Opposition to Motion to Compel Privilege and Trial Preparation Log** in the above-captioned matter to be served on the party of record listed below via operation of this Court's Electronic Filing system to:

> David L. Lee
> Law Offices of David L. Lee
> 53 W. Jackson Blvd., Suite 660
> Chicago, IL  60604-3453

>           S:/Thomas S. Bradley
>           Thomas S. Bradley