IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MARIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2009 C 3050 |
| v. ) | 2009 C 6161 Consolidated |
| ) | |
| CATHY C. ANDERSON, AMY W. MYSEL, ) | Judge Feinerman |
| and TRUE VALUE COMPANY, ) | Magistrate Mason |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROVIDE A DATE FOR COPYING AND SEARCH OF HIS COMPUTER HARD DRIVE**

Defendants, Cathy C. Anderson, Amy W. Mysel and True Value Company ("Defendants") for their Motion to Compel Plaintiff to Provide a Date for Copying and search of his Computer Hard Drive hereby state as follows:

**Motion to Compel Plaintiff to Provide Date for Copying Hard Drive:**

1.      Defendants requested in their discovery requests, *inter alia*, all documents related to Plaintiff's efforts to mitigate damages. Specifically, in Defendant's first set of Interrogatories propounded on Plaintiff, request number seven (7) asked for documents related to Plaintiff's job search and request number nine (9) asked for documentation related to Plaintiff's income sources after True Value Company.

2.      Plaintiff testified at his deposition on November 30, 2010 that he sent out resumes to various companies in an attempt to find work. See Deposition pg.18-19, attached hereto as Exhibit A.

3.      Plaintiff has testified that "anything that [he] sent out would have been retained in [his] e-mail" and that he transported the e-mail and the correspondence from his old computer to

the computer he currently has at his home office. See Deposition pg. 45, attached hereto as Exhibit B. Plaintiff has never produced these documents.

4. On January 13, 2011, this Court granted defendants' motion to compel Plaintiff to appear for his continued deposition, noting that it was persuaded to grant the motion, in part because it was not clear that Plaintiff had produced himself for the full 7 hours at his first deposition, and in part because Defendant testified at his deposition to these documents that were on his computer that had not previously been produced.

5. The documents contained on Plaintiff's hard drive are relevant to the issue of damages in this case to which Plaintiff has already testified. Further, Defendants need the computer discovery in sufficient time to review and analyze its contents in preparation for the continued deposition of Plaintiff that was ordered by Judge Feinerman on January 13, 2011, and which is scheduled for February 2, 2011.

6. Defendants retained CyberControls, LLC to make a forensic copy of Plaintiff's personal computer hard drive, from which searches could be conducted to identify the documents relating to mitigation of damages.

7. Defendants asked Plaintiff's counsel that he offer dates upon which Plaintiff's hard drive could be copied. Defense counsel contacted Plaintiff's counsel on January 13, 2011, informing Mr. Lee of CyberControls' availability to make the forensic copy on the afternoon of January 13, 2011 or anytime on January 14, 2011. Defense counsel spoke with Plaintiff's counsel on the telephone and followed up via e-mail. See E-mail of January 13, 2011, attached hereto as Exhibit C.

8. Thereafter, CyberControls contacted Plaintiff's counsel seeking to set a date and time for the copying of Plaintiff's hard drive and still no dates have been provided.

9.  CyberControls recently sent an update to Defendants' counsel indicating that Plaintiff's counsel had indicated that no such dates may be forthcoming from Plaintiff. See E-mail of January 14, 2011, attached hereto as Exhibit D.

10. On January 14, 2011, Defendants sent a draft motion to compel to Plaintiff that addressed, among other things, Plaintiff's failure to permit Defendants the computer discovery, a copy of which is attached as Exhibit E.

11. Plaintiff responded on January 19, 2011, stating with regard to the computer discovery: "we might be willing to work out something were you to let us in return image the work and personal computers of defendants Anderson and Mysel and the work computers of their secretaries." (See January 19, 2011 e-mail attached as exhibit F.

12. Many months ago Defendants produced some seventeen thousand pages of emails that Plaintiff requested from Defendants.

13. In sum, Defendants have already afforded Plaintiff the very computer discovery that he now claims he needs.

14. The parties have subsequently agreed, in principle on a protocol by which the computer discovery would be conducted. Cybercontrols would make a forensic copy of the hard drive and run searches on the hard drive using search terms that are reasonably calculated to identify documents that Plaintiff would have created for a legal job search. Although the parties have not finalized these terms, Defendants expect that they will be terms such as the following:, resume, application, general counsel, assistant general counsel, legal department, attorney, lawyer, job, employment, position, opening etc. The search would also be limited in time to the period after Defendant's employment ended. Defendants' counsel has informed Plaintiff's counsel of its intent with regard to the search terms and scope of the search.

15. The window to do this discovery is rapidly closing The Plaintiff's continued deposition is scheduled for February 2, 2011 (the copying, search, and review of the documents needs to be completed before Maril's continued deposition on February 2) and discovery is set to close on February 22, 2011.

16. After consultation both in person and by telephone and good faith attempts to resolve differences, the parties remain unable to reach an accord

WHEREFORE, Defendants respectfully request the Court issue an order granting their Motion to Compel Plaintiff to Provide a Date for Copying and Searching his Computer Hard Drive.

Dated: January 26, 2011

Respectfully submitted,

CATHY C. ANDERSON, AMY W. MYSEL
AND TRUE VALUE COMPANY

By:
      s:/Thomas S. Bradley
      One of their Attorneys

Thomas Bradley (06199054)
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

## **CERTIFICATE OF SERVICE**

I, Thomas S. Bradley certify that on January 26, 2010, I caused **Defendants' Motion to Compel Plaintiff to Provide a Date for Copying his Computer Hard Drive** in the above-captioned matter to be served on the party of record listed below via operation of this Court's Electronic Filing system to:

> David L. Lee
> Law Offices of David L. Lee
> 53 W. Jackson Blvd., Suite 660
> Chicago, IL  60604-3453

>                          S:/Thomas S. Bradley
>                          Thomas S. Bradley